```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                    )
STEVEN LOPEZ,                       )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 10-292 S
                                    )
DELAIR GROUP LLC,                   )
        Defendant.                  )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff Steven Lopez's Objection (ECF No. 30) to the Report and Recommendation ("R&R") of Magistrate Judge David L. Martin dated March 2, 2012 (ECF No. 29), recommending that Defendant Delair Group LLC's Motion for Summary Judgment (ECF No. 13) be granted. For the reasons set forth below, that recommendation is rejected, Plaintiff's objection is accepted, and Defendant's motion is denied in part and granted in part.

In light of the undisputed fact[1] that Plaintiff executed a head-first dive into a shallow, above-ground pool, the Magistrate Judge determined that the First Circuit's holding in Sheehan v. N. Am. Mktg. Corp., 610 F.3d 144 (1st Cir. 2010), should control and that Plaintiff assumed the risk of his injury

---

[1] The Court adopts the facts as they are set forth in the R&R. (R&R 2-5.)

as a matter of law. In Sheehan, the court was confronted with similar (but not identical) facts: the plaintiff, much like Plaintiff Lopez, argued that she did not assume the risk of injury because she believed that, while a vertical dive into shallow water was unsafe, a horizontal, flat dive into shallow water was not unsafe. Id. at 153; see also Sheehan v. N. Am. Mktg. Corp., C.A. No. 05-364 S, 2008 WL 896152, at *4 (D.R.I. Apr. 2, 2008). In Sheehan, the court held that "under Rhode Island law, there are certain risks that are so self-evident that a person will be deemed to have understood them as a matter of law. Diving head-first into a shallow, above-ground pool is such a risk, and bars recovery here." 610 F.3d at 154-55 (emphasis added).

In the instant case, Plaintiff was seventeen, a minor, at the time of the dive that led to his injuries. In rejecting Plaintiff's argument that Sheehan should not apply to minors, the Magistrate Judge observed that, at seventeen, Plaintiff was "just a year removed from adulthood" and that "[t]he danger of diving into a shallow, above-ground pool is as open and apparent to a seventeen year old as it is to a thirty-two year old or a twenty-four year old." (R&R 17.)

While the First Circuit used the word "person" in its holding, the opinion contains numerous references to plaintiff Sheehan's age and to the fact that she was an adult. For

2

example, the Sheehan court quoted with approval comment d of the Restatement (Second) of Torts:

> There are some risks as to which no adult will be believed if he says that he did not know or understand them. Thus an adult who knowingly comes in contact with a fire will not be believed if he says that he was unaware of the risk that he might be burned by it; and the same is true of such risks as those of drowning in water or falling from a height. . . .

Id. at 152 (emphasis added) (quoting Restatement (Second) of Torts § 496D cmt. d). Applying the Restatement to the facts in Sheehan, the court went on to state that "[t]he risks of diving into shallow water fall into this category, as to which protestations of ignorance from an adult are deemed not believable." Id. (emphasis added). The court further stated, even more specifically as to Sheehan herself, that the danger "was, or should have been, obvious to a thirty-two-year-old adult woman of normal intelligence." Id. at 153 (emphasis added). The use of the word "person" instead of the word "adult" in the concluding paragraph of the opinion does not change the clear implication that Sheehan's age and status as an adult were key to the court's holding.

Moreover, the parties have not cited to, nor could the Court find, any Rhode Island case in which a minor's assumption of the risk was determined as a matter of law, and indeed, the cases seem to point in the other direction. See, e.g., Schultz v. Foster-Glocester Reg'l Sch. Dist., 755 A.2d 153, 156 (R.I.

3

2000) (vacating entry of summary judgment and remanding for trial on the merits relating to question of assumption of the risk by a minor); Costa v. Silva, No. 97-0426, 1999 WL 710666, at *1 (R.I. Super. Ct. May 28, 1999) (denying motion for summary judgment on assumption of risk where "no evidence that the minor Plaintiff Keith was ever warned about the dangerousness . . . nor is there sufficient evidence that he appreciated the risk presented" and stating that "[s]ince a subjective standard is utilized, consideration of Keith's minority is also required").

Furthermore, other courts applying a category of risks principle[2] similar to that applied in Sheehan have likewise

---

[2] The Court refers to this principle as a category of risks principle in an effort to distinguish between two ways in which a plaintiff's assumption of risk could be determined as a matter of law. Assumption of the risk is often determined as a matter of law based upon record evidence of the plaintiff's actual knowledge and appreciation of the risk – such as evidence that the plaintiff knew of the dangers, was warned repeatedly, etc. See, e.g., D'Allesandro v. Tarro, 842 A.2d 1063, 1067-68 (R.I. 2004) (holding that plaintiff assumed the risk of tripping over rock where his testimony established that he knew of the existence of the rocks); Raimbeault v. Takeuchi Mfg. (U.S.), Ltd., 772 A.2d 1056, 1064 (R.I. 2001) (determining that plaintiff assumed the risk as a matter of law based upon plaintiff's testimony establishing that he "was aware of the special hazards inherent in his demonstration") (collecting cases). By contrast, the category of risks principle may be applied where, not only is there no evidence that the plaintiff understood and appreciated the risk, but also in cases where the plaintiff has testified to the contrary. See Sheehan v. N. Am. Mktg. Corp., 610 F.3d 144, 152-53 (1st Cir. 2010). The principle outlined in comment d of the Restatement is based in

4

framed its application in terms that suggest that the principle should be limited to adults. See, e.g., C & M Builders, LLC v. Strub, 22 A.3d 867, 883 (Md. 2011) ("[W]e have noted, with approval, the proposition formulated by Prosser and Keeton that 'there are certain risks which anyone of adult age must be taken to appreciate . . . .'" (emphasis added) (quoting Morgan State Univ. v. Walker, 919 A.2d 21, 25 (Md. 2007))); Goepfert v. Filler, 563 N.W.2d 140, 143 (S.D. 1997) (stating that "an individual will be held to have appreciated the danger undertaken if it was a risk that no adult person of average intelligence can deny" and that plaintiff, "a twenty-two year old college student, had to know and appreciate the hazard he faced in leaping from a moving car" (emphasis added) (internal quotation marks and citation omitted)).

Finally, Plaintiff has offered the testimony of Dr. Tom Griffiths, an Aquatic Safety Specialist, who stated in his preliminary report that "the dangers and risks of poorly executed shallow dives into an above ground swimming pool are

---

part on the need to overcome incredible testimony: "There are some risks as to which no adult will be believed if he says that he did not know or understand them." See Restatement (Second) of Torts § 496D cmt. d; see also Sheehan, 610 F.3d at 153 n.13 ("It would eviscerate, if not eliminate, the defense of assumption of the risk if a plaintiff could defeat it by testifying, in substance, 'I knew that the activity was dangerous, and that it bore a risk of serious injury, but I thought I wouldn't get hurt if I were careful.'").

5

not open and obvious to the average residential swimmer, especially a minor . . . ." (Ex. E to Pl.'s Obj. to Mot. for Summ. J., ECF No. 23-5.) This, at a minimum, creates a disputed issue of material fact as to what Plaintiff knew, or perhaps should have known, as a seventeen year old.

While it may be correct to say that a seventeen year old's understanding of the dangers could (or should) be the same as that of an eighteen year old, the same could then be said of the understanding of a sixteen year old as compared to that of a seventeen year old, and so on. The line of demarcation between an adult and a minor is a meaningful one in the law, and one that the cases indicate Rhode Island courts respect. The Rhode Island Supreme Court's adoption of the attractive nuisance doctrine is an explicit recognition that "[a] young child cannot, because of his immaturity and lack of judgment, be deemed to be able to perceive all the dangers he might encounter as he trespasses on the land of others." See Haddad v. First Nat'l Stores, Inc., 280 A.2d 93, 96 (R.I. 1971); see also id. ("This observation [that there is no satisfactory reason to distinguish between a landowner's duty to a trespassing adult and a trespassing child] is somewhat at odds with other subsequent sentiments expressed by this court where we recognized that the acts of a child are not to be measured by the same standard that is employed when judging the acts of an

adult. The degree of care to be exercised by children of tender years, we have said, is that degree of care which children of the same age, education and experience would be expected to exercise in similar circumstances."). The Court cannot, therefore, determine as a matter of law that this seventeen year old Plaintiff assumed the risks of executing a horizontal, flat dive into an above-ground pool. This is a question of fact that must be resolved by a jury.

Defendant pressed two alternative bases in support of its motion, which were not addressed in the R&R. Both can be dispatched fairly easily. As to Defendant's argument that there is no duty to warn of the open and obvious dangers of diving into shallow water, this argument gets no traction. Since the Court cannot determine assumption of the risk categorically for a minor in these circumstances, it follows that a genuine issue of material fact exists as to whether the dangers of executing a horizontal, flat dive into an above-ground pool are open and obvious. See Klen v. Asahi Pool, Inc., 643 N.E.2d 1360, 1369 (Ill. App. Ct. 1994) ("[I]t is by no means evident that, as a matter of law, the dangers of 'shallow' or surface diving into a shallow pool are open and obvious to minors.").

With respect to Defendant's argument that Plaintiff has not presented any facts to support his breach of warranty claim, Plaintiff appears not to have responded or otherwise raised any

7

objection.  The Court takes this as acquiescence to the Defendant's motion and grants Defendant's motion as to that claim.

Accordingly, Plaintiff's Objection to the Report and Recommendation is ACCEPTED.  The Report and Recommendation is ADOPTED as to its factual recitation, but otherwise REJECTED.  Defendant's Motion for Summary Judgment is GRANTED as to the breach of warranty claim, and DENIED as to all other claims.
IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  June 12, 2012