UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEVEN LOPEZ, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 10-292S |
| | : | |
| DELAIR GROUP, LLC, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A), DRI LR Cv 72(a)) is Plaintiff's Motion to Compel Answers to Interrogatories, Responses to Requests for Production and Designation of Witnesses for Rule 30(b)(6) Depositions. ECF No. 36. A hearing on the Motion was held on December 17, 2012.

The Motion arises from the claim of Plaintiff Steven Lopez ("Lopez"), who was tragically injured as a result of a diving incident in an above-ground swimming pool that occurred on June 20, 2008, when he was seventeen. He is now a quadriplegic. The pool was allegedly manufactured by Defendant Delair Group, LLC ("Delair"). Lopez sued Delair on June 14, 2010, for strict liability, failure to warn and negligence. This discovery dispute is complicated by the fact that, on March 16, 2008, Delair filed in the United States Bankruptcy Court for the District of New Jersey a petition under Chapter 11, along with four affiliated entities. Therefore, it was already bankrupt by the time of Lopez's accident on June 20, 2008; by the time Lopez initiated this suit, Delair had been in Chapter 11 bankruptcy for two years.

Lopez served interrogatories and requests for production to Delair in February 2011, prior to the close of fact discovery, but the parties agreed to hold the discovery in abeyance until the Court decided Delair's Motion for Summary Judgment. After the Court denied Summary

Judgment as to most of the Complaint in June 2012, Lopez pressed for responses to the outstanding discovery; he also noticed a Rule 30(b)(6) deposition. A second Rule 30(b)(6) notice followed after this Motion was filed. Delair responded to the interrogatories and the requests for production but did not provide substantive answers; instead, it informed Lopez that Delair had only one employee and no one at Delair could provide accurate responses to the discovery. Delair did not identify individuals to testify as its corporate designee for the two Rule 30(b)(6) depositions until after this Motion was filed. At the time of designation, Delair informed Lopez that at least one of its corporate designees is not likely to have knowledge of several of the noticed topics.

Lopez argues Delair must provide informed Rule 30(b)(6) designees and a detailed explanation of its search for responsive information and documents, from electronic sources and otherwise, including an explanation of how it searched for information from the four companies that went into bankruptcy with Delair.[1]

The Court recognizes that Delair's current status puts it in a difficult position to fulfill its discovery obligations. According to counsel, Delair's assets were transferred to another entity during the bankruptcy proceeding, which only recently concluded. It is unclear to what extent Delair still maintains documents, or even if it had any documents or information at the time Lopez brought suit in 2010, since Delair had already been in bankruptcy for two years by that point.

Nevertheless, the Court finds that Lopez is entitled to know why Delair is not capable of producing information responsive to Lopez's interrogatories and requests for production. Delair must do more than simply state that it has only one employee and that no one employed at Delair

---

[1] Lopez also argues that Delair has waived its right to assert objections. The Court finds no basis for such a draconian ruling. To that extent, the Motion is denied.

has knowledge. Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305-06 (E.D. Pa. 1996). The party answering interrogatories "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Likewise, responses to document requests must include items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Rules 33 and 34 contemplate that the answering party cannot limit its answers to matters within its own immediate personal knowledge. Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977); Sevey v. Soliz, No. C 10-3677LHK(PR), 2011 WL 2633826, at *4 (N.D. Cal. July 5, 2011). This approach is echoed in other provisions of the discovery rules, which require attorneys signing discovery responses and parties answering requests for admission to make reasonable inquiries into the propriety of the responses. See Fed R. Civ. P. 26(g)(1); Fed. R. Civ. P. 36(a)(4). What constitutes a reasonable inquiry is a relative matter that depends on the facts of the case and the totality of the circumstances. See, e.g., Iantosca v. Benistar Admin. Servs., Inc., Civil Action No. 08-11785-NMG, 2012 WL 220224, at * (D. Mass. Jan. 24, 2012) (slip op.) (interpreting Rule 36); Bouchard v. United States, 241 F.R.D. 72, 76 (D. Me. 2007) (same); Phinney v. Paulshock, 181 F.R.D. 185, 203 (D.N.H. 1998) (interpreting Rule 26(g)); Fed. R. Civ. P. 26(g) advisory committee's note (1983) ("Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances."). Consistent with the reasonable inquiry theme, when a party is unable to supply information in response to an interrogatory or document request, the party may not simply refuse to answer, but must set forth in detail the efforts it used to obtain the requested information. Hansel, 169 F.R.D. at 305; Noble v. Gonzalez, No. 1:07-cv-01111-LJO-GSA-PC, 2011 WL 2118746, at *6 (E.D. Cal. May 27, 2011) (citing Miller, 76 F.R.D. at 140).

In this case, Delair's bankruptcy makes it difficult for Lopez to ascertain the location of discoverable information or to determine the sources from which Delair has attempted to retrieve

such information. For example, Lopez points to a 2009 internet posting by Delair regarding ongoing warranty obligations, which suggests that Delair must have had a repository of information about its pool products as of 2009. The pending discovery entitles Lopez to learn what Delair can ascertain about whether those documents are still available.

Based on the foregoing, the Court orders as follows:

a. Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Requests for Production is granted.

   i. Delair shall have until January 11, 2013, to provide supplemental responses to Lopez's First Request for Production and Second Set of Interrogatories (the "Supplemental Responses").

   ii. The Supplemental Responses shall provide an explanation of Delair's attempts to respond to the requested discovery, including the scope of the search and the extent to which it included affiliated entities or the entity that made the warranty posting. If Delair believes the requested discovery may still exist but has been transferred to a third party over which Delair lacks control, it shall inform Lopez. If the requested discovery no longer exists, Delair shall provide such information as it has regarding what happened.

   iii. The Supplemental Responses shall provide Lopez with access to non-privileged discovery in the possession of Delair's counsel from another suit where similar allegations were asserted, provided that Delair's counsel is ordered only to produce relevant documents and not any material that pertains solely to the plaintiff in the other suit.

b. Based on the representation of the parties that Delair has identified two designees, and proffered dates to produce them to testify, the Motion is denied as moot to the extent that it sought to compel the identification of a Rule 30(b)(6) designees; Lopez may renew the Motion if the designees' testimony reveals that he or she failed to prepare for the deposition as required by Rule 30(b)(6).

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 19, 2012